IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00252-BNB

JASON LEE RICKERT,

     Plaintiff,

v.

BOULDER COUNTY JAIL,
BOULDER COUNTY,
BOULDER COUNTY JAIL MEDICAL, and
DR. DAVID KAPLAN,

     Defendants.

_____

ORDER TO FILE AMENDED COMPLAINT
_____

Plaintiff, Jason Lee Rickert, currently is detained at the Boulder County Jail in

Boulder, Colorado.  Plaintiff, acting *pro se*, has filed a Prisoner Complaint pursuant to

42 U.S.C. § 1983.  The Court must construe the Complaint liberally because Plaintiff is

a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se*

litigant's advocate.  *See Hall*, 935 F.2d at 1110.

Plaintiff asserts that the nurses at the Boulder County Jail refuse to flush the

Infusaport that was placed in the left side of his chest for use in giving chemotherapy

treatments.  Plaintiff contends that because the nurses would not flush the port a hole

developed in his chest by the port and the port had to be removed.  Plaintiff further

contends that he suffered pain, has body disfigurement, and now is not able to receive

his chemotherapy treatments.  Plaintiff seeks money damages and injunctive relief.

Plaintiff may not sue Boulder County Jail.  The jail is not a separate entity from Boulder County, and, therefore, is not a person under 42 U.S.C. § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the jail must be considered as asserted against Boulder County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against Boulder County under § 1983 merely by pointing to isolated incidents.  *See Monell* , 436 U.S. at 694.

In the Amended Complaint, Plaintiff must name the parties who are responsible for violating his constitutional rights and assert each defendant's personal participation in the alleged constitutional violations.  Boulder County Jail Medical is not a person for the purpose of § 1983.  Also, Plaintiff fails to assert what Dr. David Kaplan did to violate his constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an

2

affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A named defendant may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff also is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [   ]; when the defendant did it; how the defendant's action harmed him [   ]; and, what specific legal right [Plaintiff] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint within the time allowed the action will be dismissed without further notice.

DATED March 1, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

3