IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00252-CMA-BNB

JASON LEE RICKERT,

Plaintiff,

v.

REVADA FARNSWORTH, R.N., Boulder County Jail Badge #1524,
CHERI (LAST NAME UNKNOWN), R.N., Boulder county Jail Badge #1581,
PATTI BOOTH, R.N., Boulder County Jail Badge #1507, and
DR. DAVID KAPLAN, M.D., of the Boulder County Jail Medical,

Defendants.

_____

**ORDER**
_____

This matter arises on the following papers filed by the plaintiff:

(1)  A letter from the plaintiff to the Clerk of the Court [Doc. #34, filed 04/30/2013];

(2)  **Motion to Request Court Appointed Counsel** [Doc. #35, filed 04/30/2013] (the

"Motion for Counsel");

(3)  A letter addressed to me which contains copies of the plaintiff's medical records

[Doc. #36, filed 04/30/2013];

(4)  A letter addressed to me which requests appointment of counsel and contains "proof"

that the plaintiff requested copies of his medical records from the Boulder County Jail [Doc. #37,

filed 04/30/2013]; and

(5)  **Motion to Deny Request by Boulder County Attorney for 14 Day Ext** [Doc. #39,

filed 05/03/2013] (the "Motion to Deny Extension").

In his letter to the Clerk of the Court [Doc. #34], the plaintiff requests that the court

provide him with copies of documents filed in this case.[1] The Court does not provide a free copy service. The plaintiff may, however, request copies directly from the Clerk's Office. All copies are 50 cents per sheet. A notice of the cost of the copies will be issued after the cost can be determined. The copies will be sent after receipt of full payment.

The other two letters are addressed to me personally [Docs. ##36 and 37]. The local rules of this Court prohibit ex parte communication with judicial officers:

> In the absence of previous authorization, no attorney or party to any proceeding shall send letters, pleadings or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys.

D.C.COLO.LCivR 77.2.

"[A] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). "The rules governing captions and other matters of form in pleadings apply to motions and other papers." Fed. R. Civ. P. 7(b)(2). Rule 10(a), Fed. R. Civ. P., requires all papers to have a caption with the court's name, a title, and a file number. The plaintiff improperly submitted a request for appointment of counsel in the form of a letter, not in the form of a motion, as required.[2] In addition, the letters contain copies of the plaintiff's medical records and proof that he requested the medical records from officials at the Boulder County Jail. This evidence is not

---

[1] The plaintiff seeks copies of (1) the order directing that this case be drawn to a district judge and a magistrate judge [Doc. #21]; (2) a text entry assigning the case to a district judge and myself [Doc. #22]; (3) an order issued by the district judge referring the case to me for certain proceedings [Doc. #29]; and (4) the Amended Prisoner Complaint [Doc. #20] (the "Amended Complaint").

[2] The request for counsel is redundant of plaintiff's Motion for Counsel. The plaintiff shall cease filing redundant requests.

submitted in support of any pending matter.  The plaintiff may not simply file evidence; evidence is usually filed only in connection with a motion or at trial.  The letters addressed to me are stricken.

The plaintiff's Motion for Counsel [Doc. #35] is his second request for appointment of counsel.  The first motion was denied as premature [Doc. #7].

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case.  Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case.  I do, however, have broad discretion to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case.  See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993).  In making this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims.  See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).  Here, the plaintiff's Amended Complaint adequately presents his claims.  The factual and legal issues raised by the plaintiff's claims are not complex.  In addition, the allegations of the Amended Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong.  The Motion for Counsel is denied.

In his Motion to Deny Extension [Doc. #39], the plaintiff opposes the defendants' request [Doc. #31] for a 14 day extension to answer or otherwise respond to the Amended Complaint.  I granted the defendants' motion on April 29, 2013 [Doc. #33].  The Motion to Deny Extension is denied.  In the future, any response or other objection to a motion by defendants shall be titled as a Response and not as a motion.

IT IS ORDERED:

(1) The request for copies [Doc. # 34] is DENIED;

(2) The letters addressed to me [Doc. ## 36 and 37] are STRICKEN;

(3) The Motion for Counsel [Doc. # 35] is DENIED;

(4) The Motion to Deny Extension [Doc. # 39] is DENIED;

(5) All future applications to the court for relief shall be submitted in the form of a motion in compliance with Rules 7and 10;

(6) Any future response or other objection to a motion by defendants shall be titled as a Response and not as a motion.;

(7) The plaintiff shall cease filing evidence, redundant requests for relief, and letters to judicial officers; and

(8) Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated May 8, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge